HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY R MYRICK, | CASE NO. C16-5184 RBL |
| Plaintiff, | ORDER |
| v. | |
| PORT ORCHARD POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

THIS MATTER is before the Court on Plaintiff Myrick's Motion for Leave to Proceed *in forma pauperis*, supported by her proposed complaint. Myrick's very short complaint claims that the Defendants entered her home and took her special needs child into protective custody, without a warrant. She claims that she was not engaged in any criminal activity.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the

action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Myrick is not eligible to proceed *in forma pauperis* under this standard. Her complaint does not identify the basis for the Court's jurisdiction over the parties or the controversy, and none is apparent.  Presumably there is an ongoing state court proceeding regarding the child and the state's taking him into "protective custody." This court cannot and should not entertain a parallel federal proceeding concerning that same subject matter. This Court cannot and will not review or reverse decisions made in state court. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 1521, 161 L. Ed. 2d 454 (2005). [W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment

of that court, the federal suit is a forbidden de facto appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir.2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008).

The Motion for Leave to proceed *in forma pauperis* is therefore DENIED. Plaintiff shall pay the filing fee, or file a proposed amended complaint, within **30 days** of this order. Any proposed amended complaint shall describe the court's jurisdiction over the case and the parties, and address the pendency of the state court action involving the same subject matter. It should also address the "who what when where and why" of the claims, and the basis for any relief against the defendants. It need not be long, but it does have to articulate a plausible claim upon which relief can be granted.

IT IS SO ORDERED.

Dated this 29th day of March, 2016.

Ronald B. Leighton
United States District Judge