Print Form

FILED _____ LODGED
_____ RECEIVED
APR 18 2016
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON

TIFFANY R. MYRICK

    Plaintiff(s)

vs.

PORT ORCHARD POLICE DEPARTMENT
OFFICER ERNST of P.O.PD
OFFICER HORSLEY of P.O.PD

    Defendant(s),

CV16 5184 RBL

**AMENDED**
**CIVIL RIGHTS COMPLAINT UNDER**
**42 U.S.C. §1983**
(for use only by plaintiffs not in custody)

**Parties to this Complaint:**

| | |
|---|---|
| Plaintiff's Name, Address and Phone Number | Tiffany R Myrick<br>703 Melcher St.<br>Port Orchard, WA. 98366<br>(360)-443-0819 |
| Defendant's Name, Address and Phone Number | Port Orchard Police Department<br>546 Bay Street,<br>Port Orchard, WA. 98366<br>(360)-876-1700 |
| Defendant's Name, Address and Phone Number | Officer Ernst of the Port Orchard Police Department<br>546 Bay Street,<br>Port Orchard, WA. 98366<br>(360)-876-1700 |

| | | |
|---|---|---|
| Defendant's Name, Address and Phone Number | Officer Horsley of the Port Orchard Police Department | |
| | 546 Bay Street, Port Orchard, WA. 98366 | |
| | (360)-876-1700 | |

(If you have more defendants, list them using the same outline on another piece of paper. Attach additional sheets, if necessary)

**Previous Lawsuits:**

Have you brought any other lawsuits in any federal court in the United States:?

☒ No ☐ Yes     If Yes, how many? [ ]

**Describe the lawsuit:**

Parties to this previous lawsuit:

Plaintiff(s) [ ]

Defendant(s) [ ]

(If there is more than one previous lawsuit, describe the additional lawsuits on another piece of paper using the same outline. Attach additional sheets, if necessary)

Court and Name of District: [ ]

Docket Number: [ ]

Assigned Judge: [ ]

Disposition:
(For example, was the case dismissed as frivolous or for failure to state a claim? Was it appealed? Is it still pending?) [ ]

Approximate filing date of lawsuit: [ ]

Approximate date of disposition: [ ]

**Statement of Claim**
State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates, places, and other persons involved. **Do not give any legal arguments or cite any cases or statutes.** If you allege a number of related claims, number and set forth each claim in a separate paragraph. (Attach additional sheets if necessary.)

1. On March 10th, 2015 at approxemitley 8:45 am, Officer Ernst and Officer Horsley of the Port Orchard Police Department came to my residence with CPS worker Debi Avocato. Once at my residence Officer Ernst and Officer Horsley came into my home without my consent and without a warrant.

2. Once the officers where in my home they began to look around my home. I gave neither officer my consent and neither officer produced paperwork in showing cuase to search my home.

3. In Officer Ernst report to the Port Orchard Police Department he stated that thier was a pickup order for my son (see exhibit 1), however both officers neglected to verify this information and failed to uphold thier oath in protecting its town's citizens. No order was put in until three days after my child was taken (see exhibit 2). Futhermore, Officer Ernst and officer Horsley went out of protocol and with reckless disregard to the law placed my child in protective custody. My brother, Michael Herman, my mother, Elizabeth Myrick and myself were not involved with any criminal investigation nor charged with any crime. Thier was no firearms, illegal substances or alcohol in the home. Neither officer stated that my son was in imminet danger or showed conceren of my child's welfare.

4. In Officer Ernst report (exhibit 1), he stated the house to be extremely filthy and have feces on the floor, however pictures taken of the house (see exhibit 3), show otherwise.

5. Officer Ernst also made it clear he was dissatisfied with the idea that my son was developmentally delayed, required a medical bed and constant supervision. Not only did he discriminate against me for having a child with disabilities, he also discriminated against myself and family becuase we are low income.

6. Both officers allowed the CPS worker to verbally harrass/assualt myself and my mother, except in one brief moment Officer Ernst did tell her to be quite when she was screaming at me, though allowed her to continue verbally harassing us when he was done speaking with me.

7. In clear disregard to the law and in acting outside of thier duties as an officer, Officer Ernst and Officer Horsley allowed my child to be kidnapped and gave my son to CPS worker, Debi Avocato of the Bermerton DCFS office.

8. Currently there is no open nor ongoing court sessions regarding my son.

**Relief**
State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statues.

> It is my prayer that the court be in my favor and the defendents pay a cumulative sum of 85,000 dollars in addition to any reasonable legal cost for emotional distress, pain and suffering they cuased.

I declare under penalty of perjury that the foregoing is true and correct.

4/13/16
Date

_____
Signature of Plaintiff

# Exhibit 1

# Incident / Investigation Report

**Port Orchard Police Department**  
OCA: D15-000677

CODES: DE-Deceased, DR-Driver, MN-Mentioned, MP-Missing Person, OT-Other, OW-Owner, PA-Passenger, PT-Parent/Guardian, RA-Runaway, RO-Registered Owner, RP-Reporting Party, VI-Victim

**OTHERS INVOLVED**

| Code | Name (Last, First, Middle) | Victim of Crime # | Age / DOB | Race | Sex |
|---|---|---|---|---|---|
| PT1 | Myrick, Tiffany Rose | | 26 / 1989 | W | F |

Home Address: 703 Melcher St, Port Orchard, WA 98366  
Home Phone: (360) 876-7490  
Cell Phone: [redacted]  
Employer Name/Address:  
Business Phone:

**NARRATIVE**

On Tuesday, Match 10 2015 Debi Avocato from Child Protective Services (CPS) requested our assistance in picking up a child at 703 Melcher St. At approximately 0845 hours, Officer Horsley and I met Debi at the above address where we contacted the mother of the child, Tiffany Myrick. Debi informed Tiffany that she had a pick up order for her son Sam Myrick, and place him into protective custody.

Tiffany turned over the child without incident. Both myself and Officer Horsley observed that the residence was extremely filthy and had a strong odor of urine. We also observed ants crawling all over the floor and what looked like fesses on the kitchen floor. We both informed Tiffany that the condition of her residence is unacceptable and she needed to make changes to comply with CPS. See attached CPS report.

End of report.

I CERTIFY OR DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

[Signature]   #720   3-11-15  
(Signature, Date)  
(720) ERNST, RANDY  
PORT ORCHARD, WA

## Exhibit 1
PG 1 of 1  
CV16 5184RBL

# Exhibit 2

```
FILED
KITSAP COUNTY CLERK
15 MAR 13 AM 10: 25
DAVID W. PETERSON
BY_____DEPUTY
```

Exhibit 2

PG 1 of 2

CV16 5184 RBL

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KITSAP
JUVENILE DEPARTMENT

| | |
|---|---|
| IN RE THE DEPENDENCY OF:  D.O.B. ██ 2010  Minor Child(ren) | NO. /5-7-██  ORDER TO TAKE CHILD INTO CUSTODY AND PLACEMENT IN SHELTER CARE |

### I.   BASIS

THE COURT having considered a motion, statement and declaration requesting an order to take the above-named child into custody.

### II.   FINDINGS

The court FINDS that:

2.1   A petition has been filed with the Court alleging that the child is dependent pursuant to RCW 13.34.030(5).

2.2   It is currently contrary to the welfare of the child to remain in the child's home. The petition and/or supporting declarations and affidavits establish reasonable grounds to believe that the child is dependent and the child's health, safety, and welfare will be seriously endangered if not taken into custody.

ORDER TAKING CHILD INTO CUSTODY         1
AND PLACEMENT IN SHELTER CARE

ATTORNEY GENERAL OF WASHINGTON
1019 Pacific Avenue South, 3rd Floor
Tacoma, WA 98402-4411
(253) 593-5243

2.3 The petitioner has demonstrated that there is a risk of imminent harm to the child in the child's home. The assessment of risk by petitioner constitutes reasonable efforts to prevent or eliminate the need for removal of the child from the child's home and:

[X] due to the risk of imminent harm to the child, there are no reasonably available services that can be provided to the parent(s) to maintain the child in the child's home at this time.

[X] services previously offered or provided to the parent(s) have been unable to remedy the unsafe conditions in the home;

[X] there is no parent, guardian or legal custodian known to petitioner at this time who is available to take custody of the child; and/or

[ ] Other_____

### III.  ORDER

IT IS ORDERED that:

3.1 The above-named minor child shall be taken into custody by a law enforcement officer, probation counselor, or child protective services worker, and placed in a facility licensed pursuant to RCW 74.15.030, or in a home not required to be licensed pursuant to that section, under the supervision of DSHS.

3.2 The supervising agency may authorize evaluations of the child's physical or emotional condition, routine medical and dental examination and care, and all necessary emergency care.

3.3 The child shall remain in shelter care for not more than 72 hours from the time the child is taken into custody, excluding Saturdays, Sundays and holidays, unless an order authorizing continued shelter is entered.

DATED: 3/13/15   _____
                  JUDGE/COMMISSIONER

PRESENTED BY:

_____ 25611
ASSISTANT ATTORNEY GENERAL, WSBA#

ORDER TAKING CHILD INTO CUSTODY   2
AND PLACEMENT IN SHELTER CARE

Exhibit 2
PG 2 of 2
CV16 5184 RBL

# Exhibit 3





Exhibit 3
PG 1 of 3
CV16 5184 RBL





Exhibit 3
PG 2 of 3
CV16 5184RBL





Exhibit 3
PG 3 of 3
CV16 5184RBL